UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN W. DUNIGAN,

Plaintiff,

v.

LEE ANN LUNDY,

Defendant.

Case No.  2:26-cv-0285-DAD-JDP (P)

ORDER

On March 13, 2026, I directed plaintiff to submit either the filing fee or a completed application to proceed *in forma pauperis* within twenty-one days.  ECF No. 6.  The deadline has passed, and plaintiff has failed to comply with my order.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1

I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to either file an application to proceed *in forma pauperis* or pay the filing fee. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall address the matter of the filing fee within that fourteen day deadline.

Additionally, I will deny the two frivolous and indecipherable motions that plaintiff has filed in lieu of complying with my order. Neither the "motion to vacate one-hundred year stayed releases," ECF No. 9, nor the "motion for nationwide heterosexual re-affirming bastille release with draft by supreme military commanders," ECF No. 10, is intelligible or coherent.

Accordingly, it is ORDERED that:

1.      Plaintiff's motions, ECF Nos. 9 & 10, are DENIED.

2.      Within fourteen days of this order's entry, plaintiff shall show cause why this case should not be dismissed for failure to prosecute. Additionally, within that same deadline, plaintiff shall submit a completed in forma pauperis application or tender the filing fee.

3.      The Clerk of Court is directed to send plaintiff an *in forma pauperis* application with this order.

IT IS SO ORDERED.

Dated:   __May 6, 2026__                          _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE

2